IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARYL O. NORRIS,

                                                          OPINION and ORDER

                Plaintiff,

                                                 15-cv-177-bbc

      v.

BRITANY WOLFE, BILL LAZAR,
LANCE WIERSNA, DENISE SYNDOM and
JOSEPH GRUETZMACHER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Daryl O. Norris, a prisoner at the Sturtevant Transitional Facility, has filed a proposed complaint under 42 U.S.C. § 1983 in which he makes numerous allegations about being assigned a "sex offender label and its consequences"; being "revoked"; and being denied access to the courts.  Plt.'s Cpt., dkt. #1.  Although plaintiff paid the filing fee and it appears that he has been released from prison, he was a prisoner at the time of filing, which means that I must screen his proposed complaint under 28 U.S.C. § 1915A and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  Jaros v. Illinois Dept. of Corrections, 684 F.3d 667, 669 fn.1 (7th Cir. 2012) ("'[P]risoner status under the [Prisoner Litigation Reform Act] turns on whether the plaintiff was confined when the suit was filed.").

1

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing the proposed complaint, I conclude that plaintiff's claims about his sex offender status and his revocation do not belong in a lawsuit brought under 42 U.S.C. § 1983 and his allegations of fact are not sufficient under Fed. R. Civ. P. 8 to state a claim that he was denied access to the courts.  Accordingly, I will give plaintiff an opportunity to file an amended complaint that gives defendants fair notice of his claims.

Plaintiff alleges the following facts in his proposed complaint.

ALLEGATIONS OF FACT

Plaintiff entered into a criminal plea agreement in Wisconsin at some time before September 2012.  He was not convicted of a sexual offense and the plea agreement made no reference to his needing treatment as a condition of his probation.  On September 25, 2012, defendants Britany Wolfe and Bill Lazar "imposed a sex offender label and its consequences as a condition of parole."  Plt.'s Cpt., dkt. #1, at 5.  Plaintiff did not receive notice or a hearing with respect to the sex offender label or conditions.

At some unspecified time, plaintiff filed a "DOC 328.11 Administrative Review Client Complaint."  Id.  Some time after he did so, defendant Wolfe "fabricated rule violations" and took plaintiff into custody.  Id. at 5-6.  Defendant Denise Syndom, whom plaintiff identifies as "administrator," issued a "final decision letter exhausting administrative remedies," dated December 4, 2012.  The letter was not mailed until December 11, 2012.

2

Plaintiff received the decision the same day as his scheduled office visit with defendant Wolfe (who appears to be a parole agent).  "[A]ccording to the record," (plaintiff does not say what record) "there was a staffing in reference to taking [him] into custody the day of [his] scheduled office visit."  Id.  Plaintiff "was revoked May 13, 2013."  Id.

Plaintiff was imprisoned at the Stanley Correctional Institution, presumably as a result of his revocation.  During his time in prison, one prisoner put his medication in plaintiff's coffee and another prisoner drugged and raped plaintiff.  Further, prison officials refused to allow plaintiff to seek medical attention (he does not say for what).  Finally, prison officials also "denied [plaintiff] needed property," which meant that he was unable to submit a brief related to his revocation proceedings until after his release in December 2013.  Id. at 6-A.  (Plaintiff does not say what the property was or whether the timing of his brief affected the outcome of the proceeding.)

On July 25, 2014, plaintiff went to a sex offender treatment session but told the provider that he was challenging his sex offender status.  On July 28, 2014, plaintiff asked to have his sex offender treatment postponed until after his legal challenge was complete. (Plaintiff does not say to whom he made this request.)  Plaintiff returned to treatment on July 31, 2014 with documentation of his legal challenge.  On August 5, 2014, plaintiff was taken into custody again on rule violations fabricated by defendant Wolfe.  His appellate brief was due August 28, 2014, so the arrest impeded his efforts to complete the brief in time.  (Plaintiff does not say whether he was able to file the brief.)  On August 25, 2014 and November 17, 2014, plaintiff wrote to the Wisconsin Court of Appeals asking for an

3

injunction "to prevent any further constitutional infractions," but his requests were denied. Id. at 6-B.

Sometime after his August 5, 2014 arrest, plaintiff was housed in the Sturtevant Transitional Facility, where he resided at the time he filed his complaint.  On February 11, 2015, plaintiff's daughter mailed him his revocation record and supporting documents, but he never received the mailing because officials at Sturtevant stole it.  Further, plaintiff does not have access to a law library or to anyone knowledgeable in the law and, despite the fact that he signed up for the law library cart at the prison 29 times, it has come to his cell only seven times.  Finally, plaintiff's mail was opened and read outside of his presence on two occasions.

Plaintiff identifies five injuries he has suffered: (1) loss of liberty; (2) loss of good time credit; (3) the dismissal of a personal injury claim; (4) illness incurred when another prisoner put his medication in plaintiff's coffee; and (5) injuries from being drugged and raped by other prisoners.


OPINION

Plaintiff's claims fall into two broad categories:  (1) those related to his parole conditions and revocation and (2) those related to the conditions of his confinement in prison.  I will consider each category in turn.

A.  <u>Claims Related to Plaintiff's Parole Conditions and Revocation</u>

This category includes plaintiff's claims that (1) his parole was revoked unconstitutionally, without due process and in retaliation for his grievance; (2)it was unconstitutional to label him as a sex offender as a condition of parole and impose on him the consequences associated with that label;  and (3) he lost good time credits without due process.  As I will explain, none of these claims can be pursued under 42 U.S.C. § 1983 at this time.

The general rule is that a plaintiff may not proceed on claims under 42 U.S.C. § 1983 that challenge the fact, duration or validity of his custody unless he first obtains a ruling that his conviction or sentence has been reversed, expunged or invalidated in state court.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).  Plaintiff's claims related to his loss of good-time credits challenge the length of his confinement and cannot be raised in a suit brought under § 1983.  <u>Preiser</u>, 411 U.S. at 494.  Because plaintiff is challenging aspects of his parole conditions (having been labeled as a sex offender and suffering the consequences of such a label) and parole conditions are part of his "custody," he cannot pursue these claims in this § 1983 suit.  <u>Williams v. Wisconsin</u>, 336 F.3d 576, 579-80 (7th Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254 [the statute on habeas corpus petitions] . . . .  For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement.") (citations omitted).

This rule applies not just to criminal convictions, but to parole and probation revocations as well, so plaintiff cannot pursue his challenge to the validity of his revocation

5

under § 1983. <u>Knowlin v. Thompson</u>, 207 F.3d 907, 909 (7th Cir. 2000) (claim that "would necessarily imply the invalidity of [prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit"); <u>Antonelli v. Foster</u>, 104 F.3d 899 (7th Cir. 1997) (<u>Heck</u> barred plaintiff's claim that he had been detained unlawfully under a parole violator warrant).

Finally, plaintiff may not challenge the conditions of his release on the alleged ground that they violated his plea agreement in a § 1983 action because that challenge would necessarily imply the invalidity of his sentence or conviction, a challenge plaintiff must make in state court or in a petition for habeas corpus, after he has exhausted his state court remedies. <u>Clemente v. Allen</u>, 120 F.3d 703, 705 (7th Cir. 1997) ("Clemente is challenging his sentence based on his understanding that the plea agreement required that his state and federal sentences should run concurrently. Granting Clemente's request would imply the invalidity of his sentence because he is challenging the duration of his confinement.").

Habeas corpus remains the sole federal remedy when a ruling in the plaintiff's favor would necessarily imply the illegality of his custody or that his conviction or sentence is invalid or unconstitutional. <u>Heck</u>, 512 U.S. at 487. Plaintiff is free to file a petition for habeas corpus, but before doing so he may want to determine whether such a petition would be moot with respect to the revocations for which it appears he has served his time and has been released. <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998) (habeas corpus petition challenging parole revocation procedures was moot when reincarceration was finished).

I conclude that plaintiff cannot proceed in this lawsuit on any of his three claims

relating to his parole conditions, revocation, plea agreement or loss of good time credits. Accordingly, those claims will be dismissed without prejudice to his raising them in a habeas petition, after he exhausts all his state court remedies, or in a § 1983 lawsuit after his conviction or sentence has been reversed, expunged or found invalid by a state court.

## B. Conditions of Confinement Claims

### 1. Sturtevant prison

Plaintiff contends that the Sturtevant prison has interfered with his ability to gain access to the courts because the prison has inadequate legal resources and because prison officials steal his mail, including legal materials.  To state a claim for denial of access to the courts, a plaintiff must allege not only that prison officials denied him legal materials but also that the officials' action impeded his ability to pursue a particular lawsuit.  In other words, the constitutional right of access to the courts is actionable only if "the plaintiff has suffered an injury over and above the denial."  Walters v. Edgar, 163 F.3d 430, 433-34 (7th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343 (1996)).  A plaintiff is injured by denial of access where such denial frustrates a "separate and distinct right to seek judicial relief for some wrong."  Christopher v. Harbury, 536 U.S. 403, 415 (2002).

In this case, plaintiff alleges that various acts have impeded his legal efforts.  First, he says that defendant Wolfe may be held liable under this claim because she caused his revocation, and his custody has impeded his efforts to pursue his challenge to the sex offender label and associated conditions because the prison where he was sent has separated

him from his legal materials.  Defendant Wolfe is not personally responsible for the way in which prison officials have treated plaintiff, so plaintiff cannot maintain this claim against her.  Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

Next, plaintiff says that the Sturtevant prison has inadequate legal resources and that prison officials have stolen his mail, including legal mail.  There are two problems with these allegations:  (1) plaintiff does not identify the defendants he thinks are responsible for the law library or for stealing his mail and (2) he does not explain how responsibility for the library or the theft of his mail led to an actual injury, that is, some sort of negative outcome with respect to his pursuit of legal remedies.  To state a claim under § 1983, plaintiff must explain which prison officials are responsible for his injuries and how they are responsible. Id.  Plaintiff lists defendants Lance Wiersna, Denise Syndom and Joseph Gruetzmacher in the caption of his complaint, but he does not explain whether or how they were involved in any of these claims.  Although plaintiff may identify defendants as "John Does" if he does not know their names, he should do his best to explain who they are, such as by stating the officials' positions or first names.

Further, plaintiff contends that the conditions at Sturtevant have impeded his appeal and writ of certiorari related to the sex offender label.  However, he cannot simply state that the prison officials' actions "interfered" with his ability to litigate or made it difficult for him to file a timely brief.  Rather, he must point to a concrete harm to his litigation that resulted from defendants' actions.  The Court of Appeals for the Seventh Circuit explained this in Tarpley v. Allen County, Indiana, 312 F.3d 895, 899 (7th Cir. 2002):

8

While the jail's lack of resources might have posed a theoretical problem, Tarpley cannot show the kind of concrete injury Lewis calls for. Instead, he says only that a long list of deficiencies prevented him from pursuing another civil rights action and a collateral attack on his sentence. He provides no detail about either of these cases. This omission is fatal to his claim: without evidence that the defendants prevented him from pursuing a nonfrivolous legal action, he cannot show that his constitutional right was violated.

Plaintiff alleges that he experienced a "procedural default" related to his appeal of the sex offender label and its consequences, but he does not explain specifically how any action taken by prison officials resulted in that harm, which he must do in order to state a claim. Tarpley, 312 F.3d at 899. Moreover, plaintiff fails to connect the loss in his personal injury suit to any action by prison officials. I also note that is not clear whether plaintiff has a constitutional right to pursue a personal injury claim. Lewis v. Casey, 518 U.S. 343, 354 (1996) ("[W]e must observe that the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated . . . , or habeas petitions . . . . In Wolff v. McDonnell, 418 U.S. 539, 94 . . . (1974), we extended this universe of relevant claims only slightly, to 'civil rights actions'—i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'") (citations omitted). See also Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (construing Lewis to "limit[] right of access to the courts to prisoners' ability 'to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement'") (quoting Lewis, 518 U.S. at 355). In any event, plaintiff must tie actions taken by prison officials to a concrete injury he experienced.

9

Finally, plaintiff also alleges that prison officials read two letters he received from the Wisconsin Court of Appeals.  Plaintiff says prison officials learned of the due date for his brief as a result of the mail tampering.  However, plaintiff has not identified any nonpublic information present in the opened mail.  In order to state a claim related to mail, a plaintiff must explain why the mail was confidential or privileged in nature.  Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.  It is therefore not apparent to us why it should be regarded as privileged and how [the prisoner] could be hurt if the defendant read these documents before or after [the prisoner] does.").

Accordingly, I conclude that plaintiff has not alleged sufficient facts related to his right to gain access to the courts to state a claim upon which relief may be granted under Fed. R. Civ. P. 8.  However, I will give him an opportunity to amend his complaint to fix the problems identified in this order.  If plaintiff decides to amend his complaint, he should be sure to explain which defendants are responsible for the alleged acts, and he should explain how an act by each defendant resulted in a concrete injury to him.  Furthermore, plaintiff's new complaint will completely replace his original complaint.  This means that plaintiff should list all defendants in the caption of his amended complaint and allege all relevant facts for all his claims without making any reference to his original complaint.

10

2.  Stanley prison

Plaintiff makes several allegations about his treatment in the Stanley Correctional Institution.  He says that he was drugged and raped by other prisoners; prison officials prevented him from obtaining medical attention; and prison officials prevented him from obtaining the property he needed to pursue his appeal.  At this stage, it does not appear that plaintiff wishes to pursue these allegations as legal claims.  For one, he lists some of these allegations as "injuries" he experienced as a result of revocation.  For another, he fails to include facts essential to make out claims related to these allegations, such as which prison officials were responsible, what condition plaintiff had that required medical attention and what injury he suffered as a result of not being able to gain access to his property.

If plaintiff wishes to pursue these claims, he will have to do so in another lawsuit. Under Fed. R. Civ. P. 20, a plaintiff may pursue all claims he has against the same defendant, but to join additional defendants in the action, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and there must be at least one "question of law or fact common to all defendants [that] will arise in the action."  In other words, plaintiff's claims must either (1) be alleged against the same defendant or (2) pertain to the same incident or occurrence.  Plaintiff's Stanley prison claims and his Strutevant prison access-to-the courts claims arise from different prisons, so it seems implausible that these claims will apply to the same defendants or to a common set of facts. Moreover, his Stanley prison claims appear to involve different incidents (drugging, raping, medical care and property access), so it may be that each of these claims will have to be

11

pursued in different lawsuits as well, unless they involve the same defendant.

ORDER

IT IS ORDERED that

1. Plaintiff Daryl O. Norris is DENIED leave to proceed on his claims that (1) his parole was revoked unconstitutionally without due process and in retaliation for his grievance; (2) it was unconstitutional and a violation of his plea agreement to label him a sex offender as a condition of parole and to impose on him the consequences associated with that label; (3) he lost "good time credits" without due process; (4) he was denied access to the courts; and (5) he has claims arising from the conditions of his confinement in the Stanley Correctional Institution.

2. With respect to plaintiff's claims that his sex offender status, its consequences, his good time credits and his revocation were lost or imposed unconstitutionally, in violation of his plea agreement or in retaliation for his protected activity, plaintiff's complaint, dkt. #1, is DISMISSED as barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994).

3. Plaintiff may have until June 8, 2015 to file an amended complaint that complies with Fed. R. Civ. P. 8 as described in this order. If plaintiff fails to respond by that date, the

clerk of court is directed to close this case.

Entered this 13th day of May, 2015.

BY THE COURT:
/s/
_____

BARBARA B. CRABB
District Judge

13